# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| GREG AVERITT, | * | |
| | * | No. 16-938V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: September 4, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Isaiah R. Kalinowski, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner;
Mallori B. Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

Greg Averitt brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. He now sees an award for attorneys' fees and costs. He is awarded $52,737.12.

\* \* \*

Represented by Isaiah Kalinowski, Mr. Averitt filed his petition for compensation on August 4, 2016. ECF No. 1. Mr. Averitt alleged that the influenza

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

("flu") vaccine he received on October 14, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer from acute disseminated encephalomyelitis. The parties were able to informally resolve the case, with petitioner accepting a proffer on award of compensation that was then adopted. Decision, issued March 30, 2018. ECF No. 48.

On August 3, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting a total of $54,887.43 (representing $42,726.90 in attorneys' fees and $12,160.53 in attorneys' costs). ECF No. 59 ("Fees app.") at 1-2. Pursuant to General Order No. 9, petitioner warrants that he did not personally incur any costs in pursuit of this litigation. Id. at 2.

On August 7, 2018, respondent filed his response to the petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, the respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Id. at 2-3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Averitt received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Mr. Averitt's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

A.   Reasonable Hourly Rates for Maglio Christopher and Toale, PA

Mr. Averitt requests the following rates for his attorney, Mr. Kalinowski: $341 per hour for work performed in 2015; $349 per hour for work performed in 2016; $358 per hour for work performed in 2017; and $368 per hour for work

performed in 2018. Fees App. Ex. 1 at 30. Petitioner also requests rates ranging from $105-$148 per hour for work performed by various paralegals from 2015-2018. Id.

Other special masters have determined that rates sought herein for Mr. Kalinowski are reasonable. See, e.g., Stewart v. Sec'y of Health & Human Servs., No. 12–776V, 2017 WL 2807955 (Fed. Cl. Spec. Mstr. May 30, 2017) (awarding $349 per hour for 2016 and $358 per hour for 2017); Snyder v. Sec'y of Health & Human Servs., No. 14–482V, 2017 WL 1291794 (Fed. Cl. Spec. Mstr. Mar. 13, 2017) (awarding $349 per hour for 2016); McGrath v. Sec'y of Health & Human Servs., No. 15–0275V, 2016 WL 8257731, at *5 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (awarding $325 per hour for 2015 and $349 per hour for 2016). Furthermore, Mr. Kalinowski's requested increase to $368 per hour for work completed in 2018, is reasonable and consistent with the forum rate chart set forth on the Court of Federal Claims' website, and will be awarded.

The undersigned will, however, make one adjustment to Mr. Kalinowski's 2015 rate. It appears that Mr. Kalinowski has been awarded two different rates for 2015. See, e.g., Stewart, 2017 WL 2807955, at *2 (awarding a rate of $341 for 2015); McGrath, 2016 WL 8257731, at *5 (awarding a rate of $325 per hour for 2015). The undersigned finds that $325 per hour is a more appropriate rate at which to compensate Mr. Kalinowski, taking into account his experience in 2015. Because Mr. Kalinowski billed 0.9 hours in 2015, this results in a reduction of $14.70.

The paralegal rates requested have also previously been found reasonable and are in line with forum rates for paralegals in each respective year. Accordingly, no adjustment to the requested paralegal rates is required.

  B. Reasonable Number of Hours for Maglio Christopher and Toale, PA

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records

3

on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

     To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

     Upon review of the submitted billing statement, the undersigned finds the majority of entries to be reasonable, but notes a generally large amount of entries which are best classified as administrative work. An entry on 07/26/2016 indicates Mr. Kalinowski spent 0.3 hours on "Scan to file: paper documentation from client visit. Update notes in file." Fees App. Ex.1 at 8. Two entries on 08/04/16 reflect time billed for filing documents on CMECF. Id. at 9. There are also many entries made which indicate time spent reviewing mundane CMECF generated notices, such as the electronic notice of assignment, the assignment of the case to the undersigned, and other similar tasks.

     Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program because it is "considered as normal overhead office costs included in attorneys' fees ...." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015), mot. for rev. denied in relevant part, 124 Fed. Cl. 153, app. dismissed, No. 2016-1753 (Fed. Cir. April 22, 2016). Moreover, billing for administrative tasks, like scheduling and calendaring deadlines, is also not compensable. See Kerridge v. Sec'y of Health & Human Servs., No. 15-0852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017).

Given these issues, the undersigned finds that a reduction of billable hours is proper. In total, however, these issues are relatively minor, warranting only a 5% reduction, totaling $2,135.61. Thus, petitioner is entitled to compensation for attorneys' fees in the amount of $40,576.59.[2]

### C. Costs Incurred by Maglio Christopher and Toale, PA

The fees application also asks for reimbursement in the amount of $12,160.53 in for costs incurred by Maglio Christopher and Toale, PA. Fees App. Ex. 2 at 2. These costs include routine expenses, such as medical records and mailings, travel expenses (airfare, hotel, meals), and compensation for work performed by Dr. Carlo Tornatore for expert witness services. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013).

Upon review, the undersigned finds these requested costs to all be reasonable. Notably, Dr. Tornatore's billed rate of $400 per hour has consistently been found to be reasonable by other special masters. See, e.g., Morgan v. Sec'y of Health and Human Servs., No. 15–1137V, 2017 WL 1034399 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); Jaffri v. Sec'y of Health & Human Servs., No. 13–484V, 2017 WL 7319407 (Fed. Cl. Spec. Mstr. Sept. 30, 2016); L.A. v. Sec'y of Health & Human Servs., No. 12–629V, 2016 WL 1104860 (Fed. Cl. Spec. Mstr. Feb. 29, 2016). Petitioner has provided adequate documentation for the rest of the requested expenses, and respondent has not identified any as unreasonable. According, the full amount of costs requested shall be awarded, $12,160.53.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$52,737.12** (representing

---

[2] The undersigned is aware that "percentage reductions [of fee awards] are subject to heightened scrutiny." Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. at 702 (citing Guerrero v. Sec'y of Health & Human Servs., 120 Fed. Cl. 474, 481–82 (2015) (quoting International Rectifier Corp. v. Samsung Electrics Co., 424 F.3d 1235, 1239 (Fed. Cir. 2005))). In this case, the undersigned has provided a "concise but clear explanation as to why the fee reduction is justified" as required. Id. (internal citations omitted).

$40,576.59 in attorneys' fees and $12,160.53 in costs) as a lump sum in the form of a check jointly payable to petitioner and his counsel, Mr. Isaiah Kalinowski, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.